UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISCTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

GLENDA MCKEE,

      Plaintiff,

v.

WAL-MART STORES EAST, L.P.

      Defendant.

_____/

## DEFENDANT, WAL-MART STORES EAST, L.P.' S, NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P. ("WAL-MART"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Seventh Judicial Circuit Court in and for Putnam County, Florida, Case No. 2020-CA-399, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.      FACTUAL BACKGROUND

1.      On or about December 16, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the Seventh Judicial Circuit Court in and for Putnam County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2.      The Complaint was served on December 31, 2020. *See* Service of Process attached as Ex. "B."

3.      Plaintiff alleges a claim for negligence against Wal-Mart as a result of an injury about her body and extremities that she allegedly sustained when a cabinet fell onto her June 17, 2017 while at the Wal-Mart store located at 1024 South State Road 19, Palatka, Florida. *See* Ex. "A" at ¶¶ 5-10.

4.     The Plaintiff alleges that she is a resident and citizen of Putnam County, Florida. *Id.* at ¶ 2.

5.     On or about May 11, 2020, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter ("Demand Letter") which indicated that Plaintiff has suffered numerous bodily injuries *See* redacted Pre-Suit Demand Letter attached as Ex. "C"[1].

6.     According to the Demand Letter, Plaintiff's past medical bills totaled $112,787.70, which alone are exceed the jurisdictional threshold of this Court. *Id.* at p. 4.

7.     Notably, the Plaintiff's pain and suffering allegedly remain significant and ongoing. *See id.*

8.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

9.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Seventh Judicial Circuit in and for Putnam County together with a docket sheet from the Clerk of the Court.  *See* attached as Composite Ex. "D."

10.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

11.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the pleading setting forth the claim for relief upon which Plaintiff's

---

[1] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with her Demand Letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart will provide same for an in camera inspection.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

action is based. The thirty (30) day period commenced on December 31, 2020, when Plaintiff served her Complaint.

12.     Prior to the service of Plaintiff's Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her alleged June 17, 2017 incident.

13.     Venue exists in the United States District Court for the Middle District of Florida, Jacksonville Division, because the Seventh Judicial Circuit in and for Putnam County, where Plaintiff filed her state court Complaint is located in Putnam County Florida, which is located within the United States District Court for the Middle District of Florida, Jacksonville Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

14.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A.     Citizenship of GLENDA MCKEE.

15.     Plaintiff is a resident of Putnam County, Florida. *See* Ex. "A" at ¶ 2.  Although Plaintiff's Complaint does not state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

16.     Plaintiff's Putnam County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### B.    Citizenship of WAL-MART STORES EAST, L.P.

17.    At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a foreign limited partnership which is, and was at the time the above captioned case was filed in State Court, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Amended Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Amended Complaint, Bentonville, Arkansas.

## AMOUNT IN CONTROVERSY

18.    The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's Demand Letter and medical bills and records that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc*., 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

19.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

20.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

21.     The relevant portions of Plaintiff's itemized and specifically detailed Demand Letter conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, Plaintiff has allegedly suffered various injuries to her body and has incurred past medical bills totaling at least $112,787.70.  This alone exceeds the jurisdictional threshold of this Court.  In addition to Plaintiff's alleged medical condition, the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Plaintiff's Complaint alleges that Plaintiff lost the enjoyment of life, loss of earnings and impairment of earning capacity and her injuries are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. *See* Ex. "A" at ¶ 10.

22.     These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

23.     For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's June 18, 2020 Demand Letter in this case, it was based on medical records provided by the plaintiff. *Id.*

24.     District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc*., Case No. 8:10-cv-659-T-33TGW, 2010 U.S. Dist. Lexis 59119, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

25.     Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a  pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

26.     Here, Plaintiff's Demand Letter alleges Plaintiff's economic damages alone to be in excess of $112,787.70 as it is based on the following:

    a.  Plaintiff's past medical bills in the approximate amount of $112,787.70;

    b.  Future medical care. *See Katz,* 2009 WL 1532129 at 4;

    c.  Significant and continuing pain and suffering;

    d.  Loss of earnings and an impairment of earning capacity.

27.     This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Seventh Judicial

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Circuit in and for Putnam County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-399, on the docket of the Court for the Seventh Judicial Circuit in and for Putnam County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, Jacksonville Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated:  January 29, 2021.

Respectfully Submitted,

**/s/ William H. Edwards**
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 29, 2021, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

**/s/ William H. Edwards**
William H. Edwards, Esq.

## SERVICE LIST

*Attorneys for Plaintiff*

Michael K. Roberts, Esquire
LAW OFFICE OF NOONEY & ROBERTS
1680 Emerson Street
Jacksonville, FL  32207
(904) 398-1992
(904) 858-9943
Email: mroberts@nooneyandroberts.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690